UNITED STATES of America,
Plaintiff–Appellee,

v.

Jody Ray ALVEY, Defendant–
Appellant.

No. 01–6161.

United States Court of Appeals,
Tenth Circuit.

Aug. 20, 2002.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT*

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

Jody Ray Alvey, a federal prisoner proceeding pro se, challenges the district court's denial of his 28 U.S.C. § 2255 habeas corpus petition. In a previous order, filed on June 19, 2002, we granted Mr. Alvey a certificate of appealability (a "COA") as to one of the issues he presses: whether Mr. Alvey's sentencing counsel provided ineffective assistance in acquiescing to a 'leadership role' enhancement in Mr. Alvey's offense level. We now (1) affirm the district court's determination that Mr. Alvey's sentencing counsel did not render ineffective assistance in acquiescing to the leadership role enhancement and (2) deny a COA as to Mr. Alvey's remaining contentions.

## I. BACKGROUND

On September 16, 1997, Mr. Alvey pleaded guilty to violation of 21 U.S.C. § 841(a)(1) (distribution of cocaine) and 18 U.S.C. § 1956(a)(1)(A)(i) (money laundering). Pursuant to that guilty plea, the district court, on September 24, 1998, sentenced Mr. Alvey to (1) concurrent terms of imprisonment of 120 months and (2) a fine of $20,000 as to the § 841(a)(1) violation and $5000 as to the § 1956(a)(1)(A)(i) violation. Mr. Alvey filed a direct appeal challenging the amount of the imposed fines; we affirmed the imposition of those fines. *See United States v. Alvey,* No. 98–6385, 1999 WL 824422 (10th Cir. Oct.15, 1999) (unpublished disposition).

On October 13, 2000, Mr. Alvey filed the instant 28 U.S.C. § 2255 habeas petition. In his petition, Mr. Alvey advanced five claims: (1) the district court erred in sentencing him as if convicted of violating 21 U.S.C. § 841(b)(1)(A); (2) the district court erred in failing to order that his sentence run concurrent with a particular state sentence; (3) his sentencing counsel was ineffective in failing to convince the court to impose a concurrent sentence; (4) his sentencing counsel was ineffective in failing to object to a United States Sentencing Guidelines (U.S.S.G.) § 3B1.1 'leadership role' enhancement to his offense level; and (5) the United States Attorney's Office for the Western District of Oklahoma violated his rights in failing to timely recommend, as promised, the dismissal of certain state charges. *See* Rec. doc. 66 (Habeas Petition, filed Oct. 16, 2000); doc. 73 (Resp. to Gov't's Resp., filed Feb. 2, 2001). On March 2, 2001, the district court issued an order denying Mr. Alvey's § 2255 petition. Mr. Alvey filed his notice of appeal on May 4, 2001.

## II. DISCUSSION

The United States argues that, because Mr. Alvey did not timely file his notice of

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal, we should not reach the substance of Mr. Alvey's challenge to the district court's dismissal of his 28 U.S.C. § 2255 petition. We reject this argument and conclude that Mr. Alvey's notice of appeal was timely. Accordingly, we address the merits of the claim on which we have previously granted a COA (ineffective assistance for failure to object to a leadership role enhancement). Finally, we briefly address the remaining claims on which Mr. Alvey seeks a COA.

## A. Whether Mr. Alvey Timely Filed his Notice of Appeal

■ The district court denied Mr. Alvey's 28 U.S.C. § 2255 petition on March 2, 2001. Given this date, Mr. Alvey had until May 1, 2001 to file his notice of appeal. *See* Fed. R.App. P. 4(a)(1)(b) ("When the United States ... is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."). Because Mr. Alvey's notice of appeal is file-stamped May 4, 2001, Mr. Alvey appears, then, to have filed that notice in an untimely manner.

Mr. Alvey seeks to avoid the effect of this apparent untimely filing by (1) stating that he placed the petition in the designated prison mailbox on May 1, 2001, (2) noting that the petition is in fact dated May 1, 2001, and (3) citing Fed. R.App. P. 4(c)(1) (providing, in part, that "[i]f an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing"). We are persuaded that Mr. Alvey has complied with Fed. R.App. P. 4, and thus we reach the substance of his challenge to the district court's denial of his § 2255 petition. *See Marsh v. Soares*, 223 F.3d 1217, 1218 n. 1 (10th Cir.2000) ("Although the [given

habeas] petition was not actually file stamped until January 11, 2000, it was signed on December 29, 1999. Liberal application of the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed.") (internal citation omitted).

## B. Mr. Alvey's Claim that his Sentencing Counsel Offered Ineffective Assistance via Acquiescence in a Two–Level 'Leadership Role' Enhancement to Mr. Alvey's Offense Level

■ We begin our substantive discussion with consideration of the issue on which this court previously granted a COA. Mr. Alvey asserts that his sentencing counsel offered ineffective assistance in acceding to any U.S.S.G. § 3B1.1 'leadership role' enhancement in Mr. Alvey's offense level. Mr. Alvey's counsel did object to the four-level leadership role enhancement recommended in Mr. Alvey's Pre–Sentence Report; Mr. Alvey's counsel conceded, however, the propriety of a two-level enhancement. The district court imposed the requested two-level enhancement.

In order to establish an ineffective assistance of counsel claim, a petitioner must demonstrate that the petitioner's "counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Deficient performance must be evaluated in light of the "wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 689; *see also id.* at 690 ("Counsel is

strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.").

Mr. Alvey insists that, because he "never was a leader or organizer," his sentencing counsel rendered ineffective assistance in acquiescing in the two-level enhancement. Aplt's Br. at 8. There existed, however, ample record evidence to support a 'leadership role' enhancement. *See, e.g.,* Aple's [mis-captioned as Aplt's] Addendum to Br., at 23 (Addendum to Presentence Investigation Report, dated Feb. 27, 1998) (Mr. Alvey's probation officer, responding to Mr. Alvey's objections to the leadership role enhancement, notes: "According to agents, the defendant used individuals to distribute illegal substances for him, including Jeff Vickers, Jason Greenfield, and others. The defendant received a larger share of the profits, brokered deals with the suppliers[,] and 'fronted' smaller amounts to street dealers."). In light of such evidence, we cannot conclude that Mr. Alvey's sentencing counsel "committed [a] serious error[ ]," *Haddock,* 12 F.3d at 955, in making the strategic decision to press for a two-level leadership role enhancement in place of the four-level enhancement recommended in Mr. Alvey's Pre–Sentence Report.[1]

## C. The Balance of Mr. Alvey's Request for a COA

Mr. Alvey also seeks a COA on the four additional issues raised before the district court: (1) whether the district court erred in sentencing him as if convicted of violating 21 U.S.C. § 841(b)(1)(A); (2) whether the district court erred in failing to order his sentence run concurrent with a particular state sentence; (3) whether his sentencing counsel was ineffective in failing to convince the court to impose a concurrent sentence; and (4) whether the United States Attorney's Office for the Western District of Oklahoma violated his rights in failing to timely recommend, as promised, the dismissal of certain state charges.

To be entitled to a COA, Mr. Alvey must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Alvey may make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Because, for the reasons developed below, none of Mr. Alvey's four remaining contentions of error satisfy this standard, we deny a COA as to each of those contentions.

## 1. Mr. Alvey's First Remaining Contention of Error

■ Mr. Alvey's first remaining contention of error is that the district court sentenced him pursuant to 21 U.S.C. § 841(b)(1)(A) (applicable to defendants convicted of responsibility for 1000 kilograms or more of marijuana[2]) rather than 21 U.S.C. § 841(b)(1)(C) (applicable to de-

---

1. During Mr. Alvey's entry of his guilty plea, the district court found occasion to observe: "This court knows from prior cases that [Mr. Alvey's counsel—the same counsel that served as Mr. Alvey's sentencing counsel] is an exceptionally experienced and capable criminal defense lawyer. And it might surprise [that counsel] a bit to be complimented in open court but … he does a lot of this business and he does it extremely well." Rec. unnumbered vol., at 15 (Tr. of Guilty Plea, dated Sept. 16, 1997).

2. While Mr. Alvey's crimes seem to have primarily involved cocaine, the district court calculated Mr. Alvey's sentence in terms of the 'marijuana equivalency' of the narcotics attributed to Mr. Alvey.

fendants convicted of responsibility for an unspecified quantity of narcotic). According to Mr. Alvey, the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), dictates that § 841(b)(1)(C) should have provided the sentencing provision applicable to his case because he was indicted for, and pleaded guilty to, only violation of 21 U.S.C. § 841(a) (responsibility for an unspecified quantity of narcotic). We have recently ruled, however, that *Apprendi* does not apply in favor of petitioners—like Mr. Alvey—whose convictions became final before the Supreme Court announced the *Apprendi* decision. *See United States v. Mora*, 293 F.3d 1213, 1218–19 (10th Cir. 2002) ("*Apprendi* ... is not retroactively applicable to initial habeas petitions."). Given the *Mora* decision, we conclude that Mr. Alvey has failed on this issue to satisfy the standard for grant a COA.

### 2. Mr. Alvey's Second and Third Remaining Contentions of Error

█ Mr. Alvey's second and third remaining contentions of error involve, respectively, (1) the district court's failure to order that Mr. Alvey's sentence run concurrent to his state sentence and (2) the alleged ineffectiveness of Mr. Alvey's sentencing counsel in failing to convince the court to impose such a concurrent sentence. As to these issues, however, the district court rightly observed that, at the time of Mr. Alvey's federal sentencing, no state sentence had yet been entered. This basic fact foreclosed the district court from ordering concurrent sentencing. Because we agree with the reasoning of the district court, we decline to grant a COA as to either of these contentions.

### 3. Mr. Alvey's Final Contention of Error

█ Mr. Alvey's final contention of error involves the United States Attorney's Office's alleged failure to timely recommend, as promised, the dismissal of certain state charges. Mr. Alvey notes that at the close of his hearing regarding the entrance of his guilty plea, the Assistant United States Attorney prosecuting the case commented: "We are working to expedite [Mr. Alvey's] state proceedings, with [the] possibility of dismissal." Rec. unnumbered vol., at 33 (Tr. of Guilty Plea, dated Sept. 16, 1997). Mr. Alvey argues that (1) this comment committed the United States to pursuing such a dismissal, (2) the United States failed to pursue such a dismissal, and (3) this failure entitles Mr. Alvey to withdraw his guilty plea.

We conclude, however, that the United States never committed itself to pursuing the dismissal of Mr. Alvey's state charges: any efforts with regard to Mr. Alvey's state charges were nonobligatory. Mr. Alvey's Plea Agreement specifies that, in exchange for his plea and his future cooperation with law enforcement, the United States promises to (1) "not criminally prosecute [Mr. Alvey] for any other violations of a narcotics or money laundering nature stemming from his actions in the Western District of Oklahoma, except for perjury or other perjury-related offenses" and (2) not utilize any "information provided by [Mr. Alvey] as a result of this agreement ... against [Mr. Alvey] in determining the applicable sentencing guideline range." Rec. doc. 30, at 2–3 (Plea Agreement, filed Sept. 16, 1997). Conspicuously absent from this enumeration of the promises made by the United States is any reference to Mr. Alvey's state charges. Following the enumeration of promises, the Plea Agreement concludes:

> It is lastly agreed and understood that this Plea Agreement is the only agreement between the United States and defendant, Jody Ray Alvey, concerning his plea of guilty in the above-styled

action, and that there are no other deals, bargains, agreements, or understandings which modify or alter this agreement. *Id.* at 5–6. During the hearing in which Mr. Alvey formally entered his guilty plea, the district court drew particular attention to the fact that the United States would be bound only by those promises contained in Mr. Alvey's Plea Agreement. Mr. Alvey repeatedly acknowledged this fact. *See* Rec. unnumbered vol., at 24 (Tr. of Guilty Plea, dated Sept. 16, 1997). Because we conclude that the United States did not obligate itself in regard to recommending the dismissal of Mr. Alvey's state charges, we conclude that Mr. Alvey has failed on this issue to satisfy the standard for grant of a COA. *See United States v. Reyes Pena,* 216 F.3d 1204, 1212 (10th Cir.2000) ("[I]t is well-settled that the parole evidence rule precludes parties from admitting extrinsic evidence to contradict or add to the terms of a binding and completely integrated [plea] agreement.").

### III. CONCLUSION

Having reviewed the appellate briefs, the district court's order, and the appellate record, and having liberally construed all of the materials submitted by Mr. Alvey, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), we (1) AFFIRM the district court's denial of Mr. Alvey's claim of ineffective assistance of sentencing counsel as to that counsel's acquiescence in a two-level leadership role offense level enhancement and (2) otherwise DENY Mr. Alvey's application for a COA.